Dear Chief McKeel:
You advise this office that you are the elected chief of police for the Town of Melville, a Lawrason Act municipality, governed by a mayor and board of aldermen. You have asked this office to issue our legal opinion addressing the following questions:
 Do the mayor and board of aldermen have the authority to pass an ordinance that would change the status of the chief of police for the Town of Melville from an elected position to an appointed position? If so, what are the procedures necessary to accomplish such a change?
As previously noted, the Town of Melville is governed by the provisions of the Lawrason Act, La.R.S. 33:321, et seq. Pursuant to La.R.S.33:341, the Lawrason Act classifies municipalities into cities, towns and villages. Those municipalities having more than 1,000 but less than 5,000 inhabitants are towns. The population is determined by resolution from the board of aldermen or a certified report by the federal Census Bureau. See La.R.S. 33:342(A). The United States Census Bureau's Census 2000 demographic profile tabulated the population of Melville, Louisiana to be 1,376. (http://factfinder.census.gov). In accordance with the classification scheme set out in the Louisiana Revised Statutes, the municipality of Melville is classified as a town, which is located in St. Landry Parish, Louisiana.
La.R.S. 33:381.2 is entitled "election or appointment of marshal in municipalities of five thousand or less" and is applicable to the Town of Melville. This statute sets forth the procedures for changing the office of chief of police from an elected position to an appointed position and provides in its entirety: *Page 2 
 A. Notwithstanding the provisions of R.S. 33:381 and 381.1 to the contrary, in any municipality with a population of five thousand or less according to the latest federal decennial census, a majority of the qualified electors voting therein may, at a special election called by the governing authority of the municipality for that purpose, authorize the mayor to thereafter appoint a marshal who is the chief of police with the approval of the governing authority or provide for the election of a marshal who is the chief of police. Such special election shall be called only upon the adoption of an ordinance by a two-thirds vote of the governing authority. Once such an election has been called and held, no further or other election on the same question shall be held for at least four years.
 B. If the people of any municipality vote to authorize the mayor to appoint the marshal, the first such appointment shall be made at the end of the term of the marshal in office at the time the election was held unless at that time the office of marshal is vacant or the incumbent is an appointed official. If the people of any municipality vote to elect the marshal, the term for the elected marshal shall begin at the end of the term of the marshal in office at the time the election was held unless at that time the office of marshal is vacant.
 C. Upon the expiration of at least four years after the effective date of any such determination that the marshal shall be an appointed rather than an elected official or an elected rather than an appointed official, the people of any such municipality may determine that said official shall be elected or appointed, as the case may be, but only in the same manner and through the same procedure as hereinabove set forth.
Thus, pursuant to La.R.S. 33:381.2, the procedure to change the position of chief of police from an elected to an appointed position in the Town of Melville may be outlined as follows:
 • The governing authority of the municipality must adopt an ordinance, approved by a two-thirds vote of the governing authority, which calls a special election to "authorize the mayor to thereafter appoint a marshal who is the chief of police with the approval of the governing authority". See La.R.S. 33:381.2(A). *Page 3 
 • A majority of the qualified electors voting must vote in the affirmative for the change.
 • Thereafter, the mayor may appoint the chief of police with the approval of the governing authority.
 • Once such an election has been called and held, no further or other election on the same question shall be held for at least four years.
 • The first such appointment shall be made at the end of the term of the marshal in office at the time the election was held unless at that time the office of marshal is vacant or the incumbent is an appointed official.
 • At least four years after the effective date of any such determination that the marshal shall be an appointed rather than an elected official, the people of such municipality may determine that said official shall be elected but only in the same manner and through the same procedure as hereinabove set forth.
If these procedures are followed, the position of chief of police for the Town of Melville may be changed from an elected to an appointed position.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ KERRY L. KILPATRICK Assistant Attorney General
 KLK:arg